IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
DOCKET NO. 5:03-CR-159-1BR

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | **PROBATION** |
| v. | ) | **AGREED FINAL ORDER** |
| | ) | **IN GARNISHMENT** |
| Brian Kelly Connor, | ) | |
| Judgment Defendant, | ) | |
| Ivey Mechanical, | ) | |
| Garnishee Defendant. | ) | |

The undersigned parties agree and stipulate as follows:

1. The judgment defendant, social security number, city and state are: Brian Kelly Connor, XXX-XX-6249, Fayetteville, NC.

2. A judgment was entered against the judgment defendant in this action on October 28, 2003. The total balance due on the judgment is $2451.72, as of May 11, 2012.

3. The garnishee defendant, Ivey Mechanical, whose address is **118 Drake Street Fayetteville, NC 28301**, has in its possession, custody or control, property of the judgment defendant in the form of wages paid to the judgment defendant.

4. The judgment defendant waives services of an application for a writ of continuing garnishment pursuant to Section 3205 of the Federal Debt Collection Procedures Act of 1990 (FDCPA), 28 U.S.C. § 3205, and further waives his/her right to a hearing under Section 3205, and any other process to which the judgment defendant may be entitled under the FDCPA.

5. The garnishee defendant waives service of an application for a writ of continuing garnishment pursuant to 28 U.S.C. § 3205, and further waives his/her right to answer, and waives being heard in this matter and any other process to which the garnishee defendant may be entitled under the FDCPA.

6.	The judgment defendant agrees and stipulates that his/her wages are subject to garnishment under 28 U.S.C. § 3205, and expressly agrees and stipulates that the entry of a Final Order in Garnishment is proper.

7.	The parties therefore agree and stipulate to the entry of a Final Order in Garnishment against the non-exempt wages of the judgment defendant. It is expressly agreed and stipulated to by the parties that the garnishee defendant shall pay to the United States the sum of $50.00 per month, which shall be withheld from the wages owed the judgment defendant. These payments shall begin on , and continue each month until the debt is paid in full.

8.	These sums are to be applied upon the judgment rendered in this cause. These payments are to continue until the unpaid balance, plus accruing interest, is fully paid and satisfied. Checks should be made payable to: **U.S. District Court,** and mailed to:

> **U.S. District Court**
> **ATTN: Financial Unit**
> **P.O. Box 25670**
> **Raleigh, NC 27611**

9.	Nothing in this agreement prevents the United States from pursuing any other remedies it may have to collect the judgment, including without limitation, administrative offsets (including by the Internal Revenue Service), and the judgment defendant specifically consents to the Internal Revenue Service offset. Any payments applied to this claim by the Internal Revenue Service as a result of tax return offsets will be credited as a payment to the existing balance and will not be included as part of the periodic payments, nor will it affect the periodic payments.

Agreed Final Order In Garnishment
Brian Kelly Connor
Docket No.:5:03-CR-159-1BR
Page 3

10. The judgment defendant can, at any time, request an accounting of the funds garnished. However, the judgment defendant hereby knowingly waives any rights that he/she may have under 28 U.S.C. § 3205(c)(9) to any automatic accounting. In the event the above recovery is not sufficient to pay the debt in full, the U.S. Attorney shall be entitled, at any time, to pursue any and all remedies to collect such debt as are allowed by law.

APPROVED and SO ORDERED this __4__ day of __June__, 20_12_.

_____
W. Earl Britt
Senior U.S. District Judge

CONSENTED TO:

_____    Date: 5/11/12
Van R. Freeman, Jr.
Senior U.S. Probation Officer

_____    Date: 5-11-12
Brian Kelly Connor
Judgment Defendant

_____    Date: 5-14-12
Judgment Garnishee   Ivey Mechanical Co LLC